1  DAN SIEGEL, SBN 56400
   DEAN ROYER, SBN 233292
2  SIEGEL & YEE
3  499 14th St, Suite 300
   Oakland, California 94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5  Attorneys for Plaintiff
6  MICHAEL HUEY

7  DOUGLAS PHARR, SBN 158078
   Law Office of Douglas Pharr
8  1700 Second Street, Suite 333
   Napa, California 94559
9  Telephone: (707) 258-2654
10 Facsimile: (707) 258-2820
   Attorney for Plaintiff
11 JANEEN LOTTON

12
                    **UNITED STATES DISTRICT COURT FOR THE**
13
                       **EASTERN DISTRICT OF CALIFORNIA**
14
                              **SACRAMENTO DIVISION**
15

16 | MICHAEL HUEY, individually and as successor-in-interest to decedent J.H., a minor; JANEEN LOTTON, individually and as successor-in-interest to decedent J.H., a minor, | Case No. 2:13–CV–00916–JAM–KJN |
|---|---|
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **Demand for Jury Trial** |
| CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, individually and in his official capacity as Chief of Police for the CITY OF VALLEJO; JOSEPH KREINS, in his official capacity as Chief of Police for the CITY OF VALLEJO; KEVIN BARTLETT, individually and in his official capacity as police officer for the CITY OF VALLEJO; JEREMY HUFF, individually and in his official capacity as police officer for the CITY OF VALLEJO; and DOES 1–25, inclusive, | |
| Defendants. | |

*Huey v. City of Vallejo*, No. 2:13–CV–00916–JAM–KJN
First Amended Complaint—1

Plaintiffs Michael Huey and Janeen Lotton complain against defendants City of Vallejo, Robert Nichelini, Joseph Kreins, Kevin Bartlett, Jeremy Huff, and Does 1 through 25 as follows:

## JURISDICTION

1. This action arises under Title 42, United States Code, section 1983. The Court's jurisdiction is invoked under 28 United States Code, section 1331 because this case arises under the Constitution and laws of the United States, and under 28 United States Code, section 1343 because this action is brought to recover damages under any Act of Congress providing for the protection of civil rights.

2. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 United States Code, section 1367.

## VENUE

3. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff Michael Huey is the father and successor-in-interest to decedent J.H., who had no children. He brings this action on his own behalf and as successor-in-interest to his son, decedent J.H.. At all relevant times, Michael Huey was a resident of Solano County.

5. Defendant City of Vallejo is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, City of Vallejo operates the Vallejo Police Department.

6. At all relevant times through approximately July 15, 2012, defendant Robert Nichelini was employed by City of Vallejo as Chief of Police for the Vallejo Police Department. He is being sued individually and in his official capacity as Chief of Police for the City of Vallejo.

7. Starting approximately July 16, 2012, defendant Joseph Kreins was employed by City of Vallejo as Interim Chief of Police for the Vallejo Police Department. Effective approximately December 16, 2012, he became Chief of Police. He is being sued in his official capacity as Chief of Police for the City of Vallejo.

8. Janeen Lotton is the birth mother and successor-in-interest to decedent J.H., who had no children. She brings this action on her own behalf and as successor-in-interest to her son, decedent J.H.. At all relevant times, Janeen Lotton was a resident of Napa County.

9. At all relevant times, defendant Kevin Bartlett was employed by City of Vallejo as a police officer. He is being sued individually and in his official capacity as police officer for the City of Vallejo.

10. At all relevant times, defendant Jeremy Huff was employed by City of Vallejo as a police officer. He is being sued individually and in his official capacity as police officer for the City of Vallejo.

11. The true names and capacities of the defendants named as Does 1 through 25, inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff, who therefore sues such defendants by fictitious names. Plaintiff alleges based

on information and belief that each of the fictitiously named defendants is responsible in some manner for the occurrences and damages alleged in this complaint. Plaintiff alleges based on information and belief that each of the fictitiously named defendants is a California resident. Plaintiff will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

12. In engaging in the conduct described in this complaint, defendants Robert Nichelini, Joseph Kreins, Kevin Bartlett, Jeremy Huff, and Does 1–25 acted under the color of law and in the course and scope of their employment with the City of Vallejo. In engaging in such conduct, defendants exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by the City of Vallejo.

### FACTUAL BACKGROUND

13. Decedent J.H. lived with his father, plaintiff Michael Huey, from the time of his birth to the time of his death, except for the period August 2007 to April 2008 when decedent was in foster care.

14. Decedent was 17 years old on June 30, 2012.

15. On June 30, 2012, at approximately 9:50 a.m., Vallejo police officers began chasing a truck believed to be the getaway vehicle from an alleged armed robbery of a convenience store located in Vallejo, California.

16. At approximately 9:55 a.m., the truck ran into a fire hydrant near the intersection of Sheridan Street and Lemon Street, Vallejo, causing it to stop.

17. Decedent got out of the vehicle and threw an object into nearby bushes.

18. Decedent ran from the scene of the vehicle accident to a nearby duplex, 607/609 Sheridan Street, Vallejo.

19. Decedent climbed over a concrete fence into the yard of the duplex and cowered in a corner near the fence.

20. Within minutes, multiple Vallejo police cars converged upon the duplex.

21. Vallejo police officers announced: "Get the kids out of the park! There's gonna be a shootout!," "We'll get your little ass, motherfucker!" "We'll teach you to do shit in our town!" and, "You think you're slick, little boy?!"

22. At approximately 10:00 a.m., officer Huff arrived at the duplex and took a rifle from his vehicle.

23. At approximately 10:06 a.m., a Vallejo police officer determined that decedent was in the yard of the duplex near the fence.

24. Vallejo police officers gave orders to decedent: "Let me see your hands!" "Don't move!" and "Stay down!"

25. At approximately 10:08 a.m., officer Huff stood on a step-stool near the fence, looked over the fence, and then pointed his rifle over the fence.

26. At the same time, officer Bartlett pointed a gun over the fence.

27. Decedent had his hands up in the air, and yelled "Don't Shoot!" "No!  No!"

28. Officers Huff and Bartlett collectively fired their weapons approximately 10 to 20 times at decedent.

29. Decedent died within minutes of officers Huff and Bartlett opening fire. His cause of death was multiple gunshot wounds.

30. After officers Huff and Bartlett fired their weapons, a Vallejo police officer yelled "Find the gun!"

31. Vallejo police officers searched for at least 40 minutes and ultimately found a gun in another yard.

32. During the period of approximately May 25 to October 21, 2012, there were 10 shootings involving Vallejo police officers, resulting in six fatalities. No officers were harmed in any of the shootings. In one case that occurred in May of 2012, the individual killed by the officers allegedly pulled out a metallic wallet. In another case that occurred in September of 2012, the officers fired approximately 30 times at an individual who allegedly was carrying a pellet gun.

33. Plaintiff is informed and believes that during 2012, while either defendant Robert Nichelini or defendant Joseph Kreins or both was serving as Chief of Police of the Vallejo Police Department, the training policies of defendant City of Vallejo regarding police officer use of deadly force were inadequate, that the City of Vallejo was deliberately indifferent to the obvious consequences of the inadequate policies, and that the inadequate policies caused the six fatal shootings, including that of decedent.

34. Under a Vallejo City Ordinance, defendants Robert Nichelini and Joseph Kreins, in their capacity as Chief of Police of the Vallejo Police Department, were or are policy makers for defendant City of Vallejo with respect to law enforcement plans, policies, programs, rules, regulations, and orders.

35. Chief Kreins learned of the conduct of officers Huff and Bartlett with respect to decedent, and then publicly defended it.

36. On December 24, 2012, Michael Huey presented a claim pursuant to the Government Tort Claims Act to the City of Vallejo regarding the matters described in this complaint. On April 8, 2013, the City of Vallejo rejected Michael Huey's claim.

## FIRST CLAIM FOR EXCESSIVE FORCE

(by plaintiffs Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendants Robert Nichelini, in his individual and official capacities; Kevin Bartlett and Jeremy Huff, in their respective individual capacities; and Joseph Kreins, in his official capacity)

(42 U.S.C. § 1983)

37. Plaintiff incorporates by reference paragraphs 1 through 36 above as though fully set forth in this section.

38. By virtue of the foregoing, defendants Kevin Bartlett and Jeremy Huff acted under color of law by engaging in the extrajudicial killing of decedent J.H. without lawful justification and deprived decedent of his right under the Fourth Amendment of the United States Constitution to be free of unreasonable seizure of his person by using excessive force.

39. By virtue of the foregoing, defendant Robert Nichelini set in motion a series of acts by his subordinates, Kevin Bartlett and Jeremy Huff, that he knew or reasonably should have known would cause the subordinates to deprive decedent of his right under the Fourth Amendment of the United States Constitution to be free of unreasonable seizure of his person.

40. By virtue of the foregoing, defendant Joseph Kreins acquiesced in and ratified the acts of Kevin Bartlett and Jeremy Huff that deprived decedent of his right under the Fourth Amendment of the United States Constitution to be free of unreasonable seizure of his person.

## SECOND CLAIM FOR VIOLATION OF
## PARENTAL RIGHT TO FAMILIAL RELATIONSHIP

(by plaintiffs Michael Huey and Janeen Lotton against defendants Robert Nichelini, in his individual and official capacities; Kevin Bartlett and Jeremy Huff, in their respective individual capacities; and Joseph Kreins, in his official capacity)

(42 U.S.C. § 1983)

41. Plaintiff incorporates by reference paragraphs 1 through 40 above as though fully set forth in this section.

42. By virtue of the foregoing, defendants Kevin Bartlett and Jeremy Huff acted under color of law by engaging in the extrajudicial killing of decedent J.H. without lawful justification and deprived Michael Huey and Janeen Lotton of their substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their child.

43. By virtue of the foregoing, defendant Robert Nichelini set in motion a series of acts by his subordinates, Kevin Bartlett and Jeremy Huff, that he knew or reasonably should have known would cause the subordinates to deprive Michael Huey and Janeen Lotton of their substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their child.

44. By virtue of the foregoing, defendant Joseph Kreins acquiesced in and ratified the acts by Kevin Bartlett and Jeremy Huff that deprived Michael Huey and Janeen Lotton of their substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their child.

## THIRD CLAIM FOR VIOLATION OF
## A CHILD'S RIGHT TO FAMILIAL RELATIONSHIP

(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against Robert Nichelini, in his individual and official capacities; Kevin Bartlett and Jeremy Huff, in their respective individual capacities; and Joseph Kreins, in his official capacity)

(42 U.S.C. § 1983)

45. Plaintiff incorporates by reference paragraphs 1 through 44 above as though fully set forth in this section.

46. By virtue of the foregoing, defendants Kevin Bartlett and Jeremy Huff acted under color of law by engaging in the extrajudicial killing of decedent J.H. without lawful justification and deprived decedent of his substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with his parents.

47. By virtue of the foregoing, defendant Robert Nichelini set in motion a series of acts by his subordinates, Kevin Bartlett and Jeremy Huff, that he knew or reasonably should have known would cause the subordinates to deprive decedent of his substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with his parents.

48. By virtue of the foregoing, defendant Joseph Kreins acquiesced in and ratified the acts by Kevin Bartlett and Jeremy Huff that deprived decedent of his substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with his parents.

**FOURTH CLAIM FOR MUNICIPAL LIABILITY—RATIFICATION**

(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendant City of Vallejo)

(42 U.S.C. § 1983)

49. Plaintiff incorporates by reference paragraphs 1 through 48 above as though fully set forth in this section.

50. By virtue of the foregoing, defendant Joseph Kreins, acted under color of law and as a final policymaker for defendant City of Vallejo, when he ratified the conduct of defendants Kevin Bartlett and Jeremy Huff to deprive (1) decedent J.H. of his right under the Fourth Amendment of the United States Constitution to be free of unreasonable seizure of his person, (2) Michael Huey and Janeen Lotton of their substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their child, and (3) decedent of his substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with his parents.

**FIFTH CLAIM FOR MUNICIPAL LIABILITY—FAILURE TO TRAIN**

(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendant City of Vallejo)

(42 U.S.C. § 1983)

51. Plaintiff incorporates by reference paragraphs 1 through 50 above as though fully set forth in this section.

52. By virtue of the foregoing, defendant City of Vallejo was deliberately indifferent to the obvious consequences of its failure to train its police officers as a result of inadequate training policies, which caused defendants Kevin Bartlett and Jeremy Huff

to deprive (1) decedent J.H. of his right under the Fourth Amendment of the United States Constitution to be free of unreasonable seizure of his person, (2) Michael Huey and Janeen Lotton of their substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their child, and (3) decedent of his substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with his parents.

### SIXTH CLAIM FOR BATTERY BY A POLICE OFFICER

(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendants Kevin Bartlett and Jeremy Huff in their respective official capacities, and defendant City of Vallejo)

53. Plaintiff incorporates by reference paragraphs 1 through 52 above as though fully set forth in this section.

54. By virtue of the foregoing, defendants Kevin Bartlett and Jeremy Huff intentionally subjected decedent J.H. to the use of unreasonable force.

55. By virtue of the foregoing, defendant City of Vallejo learned that Kevin Bartlett and Jeremy Huff intentionally subjected decedent to the use of unreasonable force and approved such conduct.

56. By virtue of the foregoing, defendant City of Vallejo is liable for the acts of its employees, Kevin Bartlett, Jeremy Huff, and Chief Kreins, each of whom acted within the course and scope of his employment.

## SEVENTH CLAIM FOR NEGLIGENCE

(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendants Kevin Bartlett and Jeremy Huff in their official capacities, and defendant City of Vallejo)

57. Plaintiff incorporates by reference paragraphs 1 through 56 above as though fully set forth in this section.

58. By virtue of the foregoing, defendants Kevin Bartlett and Jeremy Huff breached their duty to not use excessive force against decedent J.H. and this breach was the proximate cause for decedent's harm.

59. By virtue of the foregoing, defendant City of Vallejo learned that Kevin Bartlett and Jeremy Huff breached their duty to not use excessive force against decedent and approved such conduct.

60. By virtue of the foregoing, defendant City of Vallejo is liable for the acts of its employees, Kevin Bartlett, Jeremy Huff, and Chief Kreins, each of whom acted within the course and scope of his employment.

## EIGHTH CLAIM FOR WRONGFUL DEATH

(by plaintiff Michael Huey and Janeen Lotton against defendants Kevin Bartlett and Jeremy Huff in their respective official capacities, and defendant City of Vallejo)

(Cal. Code Civ. Proc., § 377.60)

61. Plaintiff incorporates by reference paragraphs 1 through 60 above as though fully set forth in this section.

62. By virtue of the foregoing, defendants Kevin Bartlett and Jeremy Huff intentionally subjected decedent J.H. to unreasonable force, and breached their duty to not use excessive force against decedent, resulting in the death of decedent and pecuniary loss to plaintiff Michael Huey.

*Huey v. City of Vallejo*, No. 2:13–CV–00916–JAM–KJN
First Amended Complaint—12

63. By virtue of the foregoing, defendant City of Vallejo learned that Kevin Bartlett and Jeremy Huff intentionally subjected decedent to unreasonable force and breached their duty to not use excessive force against decedent and approved such conduct.

64. By virtue of the foregoing, defendant City of Vallejo is liable for the acts of its employees, Kevin Bartlett, Jeremy Huff, and Chief Kreins, each of whom acted within the course and scope of his employment.

## DAMAGES

65. As a result of the actions of defendants, plaintiffs Michael Huey and Janeen Lotton have been injured and have suffered damages as follows:

   a. They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of J.H.'s wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

   b. Michael Huey has incurred funeral and burial expenses;

   c. They have lost the value of financial support that decedent would have contributed to the family;

   d. In their capacity as successors-in-interest to decedent, they are entitled to recover for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

   e. In taking the actions alleged above, defendants Kevin Bartlett, Jeremy Huff, Robert Nichelini, and Joseph Kreins engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of decedent and plaintiffs Michael Huey and Janeen Lotton.

Accordingly, plaintiffs Michael Huey and Janeen Lotton are entitled to punitive damages against defendants Kevin Bartlett, Jeremy Huff, Robert Nichelini, and Joseph Kreins.

Plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C., § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 15, 2013

      SIEGEL & YEE

      By: *s/Dean Royer*
          Dean Royer

      Attorneys for plaintiff
      MICHAEL HUEY

1    Dated: August 15, 2013

                                                By: s/Douglas Pharr
                                                    Douglas Pharr

                                                Attorneys for defendant
                                                JANEEN LOTTON

*Huey v. City of Vallejo*, No. 2:13–CV–00916–JAM–KJN
First Amended Complaint—15