CLAUDIA M. QUINTANA
City Attorney, SBN 178613
**BY:  KELLY J. TRUJILLO**
Deputy City Attorney, SBN 244286
CITY OF VALLEJO, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:  (707) 648-4545 // Fax:  (707) 648-4687

Attorneys for Defendants:
CITY OF VALLEJO, R. NICHELINI, J. KREINS, K. BARTLETT, J. HUFF

DAN SIEGEL (SBN 56400)
**DEAN ROYER (SBN 233292)**
SIEGEL & YEE
499 14TH Street, Suite 300
Oakland, CA 94612
Tel:  (510) 839-1200 // Fax:  (510) 444-6698

Attorneys for Plaintiff:  MICHAEL HUEY

**DOUGLAS PHARR, ESQ.**
Law Office of Douglas Pharr
1700 Second Street, Suite 333
Napa, CA  94559
Tel:  (707) 258-2654 // Fax:  (707) 258-2820

Attorneys for Plaintiff:  JANEEN LOTTON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

Case No. 2:13-CV-00916-JAM-KJN          STIPULATION TO PROTECTIVE ORDER AND [PROPOSED] ORDER

-1-

| | |
|---|---|
| MICHAEL HUEY, individually and as successor-in-interest to decedent J.H., a minor, and JANEEN LOTTON, individually and as successor-in-interest to decedent J.H., a minor,<br><br>        Plaintiff,<br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, individually and in his official as Chief of Police for the CITY OF VALLEJO; JOSEPH KREINS, in his official capacity as Chief of Police for the CITY OF VALLEJO; KEVIN BARTLETT, individually and in his official capacity as police officer for the CITY OF VALLEJO; JEREMY HUFF, individually and in his official capacity as police officer for the CITY OF VALLEJO and DOES 1-25, inclusive,<br><br>        Defendants. | Case No.  2:13-CV-00916-JAM-KJN<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order (and designated as "Confidential Material") as follows:

    a. Critical Incident Report CI-2012-07.

    b. Death in Custody Report CI-2012-07.

    c. Training Records for Officers Huff and Bartlett (POST & Vallejo Police Department).

    d. Internal Affairs Files Report as to Officers Huff and Bartlett in the last five years, related to excessive force and dishonesty, if any exist.

    e. Performance Evaluations for the last three years for Officers Huff and Bartlett, if any exist.

    f. Interviews of Officers Huff and Bartlett related to CI-2012-07.

 2. Confidential material may not be disclosed except as set forth in paragraphs 3- 5.

 3. Confidential Material may be disclosed only to the following persons:

   a. Counsel for any party to this action.

   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

   c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

   d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

   e. Any "in house" expert designated by defendant to testify at trial in this matter;

   f. Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

   g. Any Neutral Evaluator or other designated ADR provider;

   h. Parties to this action; and

   i. The jury, should this matter go to trial.

 4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District

Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. Defendants City of Vallejo and the named defendants herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants.

6. In the event that either party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal Documents shall refer to this stipulation and protective order.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

DATED:  11/20/2013                          Respectfully Submitted,


                                                      /s/_____
KELLY J. TRUJILLO
Deputy City Attorney
Attorney for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, JOSEPH KREINS, KEVIN BARTLETT and JEREMY HUFF

DATED:  11/20/2013

                                                      /s/_____
DEAN ROYER
SIEGAL & YEE
Attorney for Plaintiff MICHAEL HUEY

DATED: 11/20/2013

                                                      /s/_____
DOUGLAS PHARR
Attorney for Plaintiff JANEEN LOTTON


**IT IS SO ORDERED.**

DATED:  11/21/2013                          /s/ John A. Mendez_____
                                            HONORABLE JOHN A. MENDEZ
                                            United States District Court Judge