UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUEY, individually and as successor-in-interest to decedent J.H., a minor; JANEEN LOTTON, individually and as successor-in-interest to decedent J.H., a minor,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, individually and in his official capacity as Chief of Police for the CITY OF VALLEJO; JOSEPH KREINS, in his official capacity as Chief of Police for the CITY OF VALLEJO; KEVIN BARTLETT, individually and in his official capacity as police officer for the CITY OF VALLEJO; JEREMY HUFF, individually and in his official capacity as police officer for the CITY OF VALLEJO; and DOES 1–25, inclusive,<br><br>　　　　Defendants. | No.　2:13-cv-00916-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF JANEEN LOTTON'S COMPLAINT** |

///

1

This matter comes before the Court on Defendants City of Vallejo, Robert Nichelini, Joseph Kreins, Kevin Bartlett and Jeremy Huff's ("Defendants") Motion to Dismiss (Doc. #26) Plaintiff Janeen Lotton's First Amended Complaint (Doc. #18). Plaintiff Lotton filed an untimely opposition (Doc. #27) in violation of E.D. Cal. Local Rule 230(c).  Good cause for failure to follow the local rules has not been shown.  As a result, the Opposition (Doc. #27) will not be considered by the Court. Therefore, Defendants' Reply (Doc. #28) will also not be considered.  The Court has considered the matter on the merits.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Huey filed the Complaint (Doc. #1) against Defendants alleging eight causes of action arising from the shooting death of his son, Decedent J.H. ("Decedent"), at the hands of City of Vallejo police officers.  Plaintiff Huey named Plaintiff Lotton, the birth mother of Decedent, as a defendant. Comp. ¶ 8.  The Complaint alleges that Plaintiff Lotton abandoned Decedent at birth and did not live with Decedent while he was alive.  Plaintiff Lotton was subsequently reclassified as a named plaintiff in the matter.  Answer and Seeking Reclassification (Doc. #15); First Amended Complaint ¶ 8.  Plaintiff Lotton alleges claims in her individual capacity as well as a successor in interest to Decedent.

In her petition for reclassification, Plaintiff Lotton admits that Decedent did not live with her and that her custodial and/or parental rights "may have been impaired or limited by the Solano Superior Court."  Reclass. ¶ 8.  She stated that she

1  "sought a relationship" with Decedent and "maintained hope to
2  normalize their relationship once he was 18."  Defendants brought
3  the present Motion to Dismiss on September 6, 2013.

## II.   OPINION

### A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Id.  Assertions that are mere "legal conclusions" are therefore not entitled to

1  the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
2  (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is
3  appropriate when a plaintiff fails to state a claim supportable
4  by a cognizable legal theory.  Balistreri v. Pacifica Police
5  Department, 901 F.2d 696, 699 (9th Cir. 1990).
6       Upon granting a motion to dismiss for failure to state a
7  claim, a court has discretion to allow leave to amend the
8  complaint pursuant to Federal Rule of Civil Procedure 15(a).
9  "Dismissal with prejudice and without leave to amend is not
10 appropriate unless it is clear . . . that the complaint could not
11 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,
12 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
13      B.   Discussion
14           1.   Plaintiff Lotton as Successor in Interest
15      Defendants argue that Plaintiff Lotton cannot assert rights
16 as Decedent's successor in interest because her parental and/or
17 custodial rights were impaired at the time of the minor's death.
18 MTD at pp. 4-5.  A cause of action that survives the death of a
19 person passes to the decedent's "successor in interest."  Cal.
20 Code Civ. Proc. § 377.30.  California Code of Civil Procedure
21 § 377.11 defines a successor in interest as: "the beneficiary of
22 the decedent's estate or other successor in interest who
23 succeeds to a cause of action or to a particular item of the
24 property that is the subject of a cause of action."  Defendants
25 concede that Decedent's parents are legally entitled to bring
26 claims as the successors in interest, and do not challenge
27 Plaintiff Huey's standing as Decedent's successor in interest.
28 However, they contend that the pleadings indicate Plaintiff

1 Lotton no longer had standing to bring such a claim because of
2 her impaired parental/custodial rights. See Jackson v.
3 Fitzgibbons, 127 Cal.App.4th 329, 332, 335-336.  The plaintiff
4 bears the burden of proving standing.  Nw. Envtl. Def. Ctr. v.
5 Bonneville Power Admin., 117 F.3d 1520, 1528 (9th Cir. 1997).

6      Plaintiff's own vague assertions about the limitations
7 placed on her parental and custodial rights place standing in
8 doubt.  As such, she has failed to meet her burden.
9 Accordingly, Defendants' Motion to Dismiss is granted as to
10 Plaintiff Lotton's claims asserted as Decedent's successor in
11 interest.

12      The Ninth Circuit has "repeatedly held that 'a district
13 court should grant leave to amend even if no request to amend
14 the pleading was made, unless it determines that the pleading
15 could not possibly be cured by the allegations of other facts.'"
16 Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting Doe
17 v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Although
18 Plaintiff Lotton has not requested leave to amend in a timely
19 manner, the Court grants the motion without prejudice as she
20 could possibly allege facts that would provide her standing as
21 successor in interest.

22           2.   Plaintiff Lotton in her Individual Capacity
23      Defendants argue that Plaintiff Lotton has not alleged a
24 constitutionally-protected familial relationship sufficient to
25 state a cause of action for violation of parental right to
26 familial relationship under 42 U.S.C. § 1983.

27      A parent has a "constitutionally protected liberty interest
28 under the Fourteenth Amendment in the companionship and society

of his or her child." Curnow By and Through Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991). Although the exact legal status of Plaintiff Lotton's parental rights is unclear from the pleadings, the Ninth Circuit has held that this liberty interest "is not reserved for parents with full legal and physical custody." James v. Rowlands, 606 F.3d 646, 651 (9th Cir. 2010). Courts have recognized that even parents with "no legal or physical custody" have such a liberty interest. Id. Therefore, despite the lack of clarity on the exact nature of Plaintiff Lotton's status as parent, the Court hereby denies Defendants' Motion to Dismiss as to Plaintiff Lotton's claim in her individual capacity as parent of Decedent.

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITHOUT PREJUDICE Defendants' Motion to Dismiss Plaintiff Lotton's claims as successor in interest to Decedent. Plaintiff Lotton may file a Second Amended Complaint within twenty days of the date of this Order. Defendants' responsive pleading to the Second Amended Complaint shall be filed within twenty days thereafter.

The Court DENIES Defendants' Motion to Dismiss as to Plaintiff Lotton's claim for violation of her parental right to familial relationship under 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated: November 25, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE