UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUEY, et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>CITY OF VALLEJO, et al.,<br><br>    Defendants. | No. 2:13-cv-0916-JAM-KJN<br><br><br><br>ORDER |

Presently pending before the court is plaintiff Michael Huey's motion to compel further responses by defendant City of Vallejo to certain requests for production of documents and interrogatories. (ECF No. 30.) The motion, as well as the parties' joint statement pursuant to Local Rule 251, was filed on November 14, 2013, and came on for hearing before the undersigned on December 5, 2013. At the hearing, Dean Royer appeared telephonically on behalf of plaintiff Michael Huey and Kelly Trujillo appeared in person on behalf of defendants.

After considering the joint statement, the parties' oral argument, applicable law, the agreement of the parties, and for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

    1. Plaintiff Michael Huey's motion to compel (ECF No. 30) is GRANTED IN PART along the terms outlined in this order.

////

1

2. As to Request for Production of Documents ("RFP) No. 10, the City of Vallejo shall produce, pursuant to an appropriate protective order, any citizen complaints filed in the last five (5) years concerning excessive force or dishonesty against defendants Kevin Bartlett and Jeremy Huff.

3. As to RFP Nos. 4, 6, 9, 12, and 19, the City of Vallejo shall produce pursuant to an appropriate protective order: (a) incident reports for any other incidents where a City of Vallejo police officer shot a civilian resulting in a fatality[1] from January 1, 2011, to the present; and (b) either any civilian complaints filed regarding those incidents or any other documents disputing the involved officer's version of events (by way of example only, any internal affairs documents that may question the involved officer's account of the particular incident). The City of Vallejo may replace the names of the involved officers and civilians with unique identifiers and redact badge numbers and other identifying information.[2]

4. As to RFP No. 17, plaintiff's motion to compel is denied.[3]

5. As to Interrogatory No. 9, the City of Vallejo shall provide a brief response indicating (a) the number of incidents where a City of Vallejo police officer shot a civilian resulting in a fatality from January 1, 2011, to the present; (b) the dates of those

---

[1] Although some of the RFPs also appear to seek documents related to shootings not involving a fatality, counsel for plaintiff Huey agreed at the hearing to limit his request to those officer-civilian shootings involving fatalities.

[2] At this juncture, the court does not order the City of Vallejo to produce these other officers' complete internal investigations files or the entire universe of citizen complaints regarding excessive force or dishonesty filed against such officers (except for portions that may relate to the particular fatal shooting incident). Moreover, the court does not order the production of these other officers' individual training records. If, after a review of the initial production pursuant to this order, the parties agree that a particular fatal shooting incident may be relevant to plaintiffs' claims, the parties shall meet and confer regarding the production of any appropriate training records, portions of internal investigation files, and other citizen complaints involving excessive force or dishonesty concerning the particular officers.

[3] Plaintiff Huey has not articulated why the entire personnel files, including psychological evaluations, background checks, and miscellaneous human resources matters, of officers involved in other fatal shootings are relevant to plaintiffs' systemic *failure-to-train* Monell claim.

incidents; and (c) the documents (identified by Bates number ranges) produced regarding each incident.

6. The parties shall meet and confer and promptly submit an appropriate proposed stipulated protective order for the court's review and signature, pursuant to which the documents subject to this order may be produced.  Any proposed stipulated protective order shall comply with the applicable Local Rules with respect to protective orders and sealing of documents.

7. The City of Vallejo shall provide the applicable documents and responses within 45 days of this order, unless the parties otherwise stipulate to a reasonable extension.

IT IS SO ORDERED.

Dated:  December 6, 2013

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3