**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  KELLY J. TRUJILLO**
Deputy City Attorney, SBN 244286
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, JOSEPH KREINS, KEVIN BARTLETT and JEREMY HUFF

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL HUEY, individually and as successor-in-interest to decedent J.H., a minor, JANEEN LOTTON, individually and as successor-in-interest to decedent J.H. minor,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, individually and in his official capacity as Chief of Police for the CITY OF VALLEJO; JOSEPH KREINS, in his official capacity as Chief of Police for the CITY OF VALLEJO; JANEEN LOTTON; and DOES 1-25, inclusive,<br><br>                Defendants. | Case No:   2:13-CV-00916-JAM-KJN<br><br><br><br>**DEFENDANTS CITY OF VALLEJO, ROBERT NICHELINI, JOSEPH KREINS, KEVIN BARTLETT, AND JEREMY HUFF'S ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED** |

        COMES NOW Defendants City of Vallejo (hereinafter "City"), Joseph Kreins, Robert Nichelini, Kevin Bartlett, and Jeremy Huff (hereinafter referred to collectively as "Defendants") answer Plaintiffs' First Amended Complaint for Damages as follows:

/ /

**JURISDICTION**

1. Answering first paragraph of the First Amended Complaint for Damages, Defendants admit that Plaintiffs attempt to state a claim for damages pursuant to 42 USC § 1983.  Except as expressly admitted, these answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny each and every remaining allegation contained therein.

2. Answering the second paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations on this paragraph and on that basis deny each and every allegation contained therein.

**VENUE**

3. Answering the third paragraph of the First Amended Complaint for Damages, Defendants admit that the allegations contained in the complaint allegedly occurred in this District.

**PARTIES**

4. Answering the fourth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

5. Answering the fifth paragraph of the First Amended Complaint for Damages, Defendants admit that the City of Vallejo is a municipal corporation, duly organized and existing under the laws of the state of California and operates the Vallejo Police Department.

6. Answering the sixth paragraph of the First Amended Complaint for Damages, Defendants deny that Defendant Nichelini was the Chief of Police through July 15, 2012.  Answering Defendants admit that Plaintiffs are attempting to sue Defendant Nichelini in his individual and official capacity.

7. Answering the seventh paragraph of the First Amended Complaint for Damages, Defendants admit that Defendant Kreins became the interim Chief of Police effective July 16, 2012, and that Plaintiffs are attempting to sue Defendant Kreins in his official capacity.

8. Answering the eighth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

9. Answering the ninth paragraph of the First Amended Complaint for Damages, Defendants admit that Kevin Bartlett was an employee of the Vallejo Police Department on June 30, 2012.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the remaining allegations contained therein.

10. Answering the tenth paragraph of the First Amended Complaint for Damages, Defendants admit that Jeremy Huff was an employee of the Vallejo Police Department on June 30, 2012.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the remaining allegations contained therein.

11. Answering the eleventh paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

12. Answering the twelfth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

### FACTUAL BACKGROUND

Case No. 2:13-CV-00916-JAM-KJN

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED

13. Answering the thirteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

14. Answering the fourteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

15. Answering the fifteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

16. Answering the sixteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

17. Answering the seventeenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

18. Answering the eighteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

19. Answering the nineteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

20. Answering the twentieth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

21. Answering the twenty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

22. Answering the twenty-second paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

23. Answering the twenty-third paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

24. Answering the twenty-fourth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

25. Answering the twenty-fifth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

26. Answering the twenty-sixth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

27. Answering the twenty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

28. Answering the twenty-eighth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

29. Answering the twenty-ninth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

30. Answering the thirtieth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

31. Answering the thirty-first paragraph of the First Amended Complaint for Damages, Defendants deny all allegations contained therein.

32. Answering the thirty-second paragraph of the First Amended Complaint for Damages, Defendants admit that there were six fatal officer involved shootings in Vallejo in 2012.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the remaining allegations contained therein.

33. Answering the thirty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

34. Answering the thirty-fourth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

35. Answering the thirty-fifth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as

to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

36. Answering the thirty-sixth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

### FIRST CLAIM FOR EXCESSIVE FORCE
(by plaintiffs Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendants Robert Nichelini, in his individual and official capacities; Kevin Bartlett and Jeremy Huff, in their respective individual capacities; and Joseph Kreins, in his official capacity)
(42 USC §1983)

**AS TO PLAINTIFF LOTTON, DEFENDANTS ANSWER AS FOLLOWS:**

37 - 40.  This claim has been dismissed by order of the court dated November 25, 2013; no amended complaint was filed within the time permitted by the court.

**AS TO PLAINTIFF MICHAEL HUEY, DEFENDANTS ANSWER AS FOLLOWS:**

37. Answering the thirty-seventh paragraph of the First Amended Complaint, Defendants re-allege their answers to the paragraphs 1-36 above with the same force and effect as if they were herein set out in full.

38. Answering the thirty-eighth paragraph of the First Amended Complaint, Defendants deny each and every allegation contained therein.

39. Answering the thirty-ninth paragraph of the First Amended Complaint, Defendants deny each and every allegation contained therein.

40. Answering the thirty-ninth paragraph of the First Amended Complaint, Defendants deny each and every allegation contained therein.

### SECOND CLAIM FOR VIOLATION OF
### PARENTAL RIGHT TO FAMILIAL RELATIONSHIP
(by plaintiffs Michael Huey and Janeen Lotton against defendants Robert Nichelini, in his individual and official capacities; Kevin Bartlett and Jeremy Huff in their respective individual capacities; and Joseph Kreins, in his official capacity)
(42 U.S.C. § 1983)

Case No. 2:13-CV-00916-JAM-KJN

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED

41. Answering the forty-first paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to paragraphs 1-41 above with the same force and effect as if they were herein set out in full.

42. Answering the forty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

43. Answering the forty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

44. Answering the forty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**THIRD CLAIM FOR VIOLATION OF**
**A CHILD'S RIGHT TO FAMILIAL RELATIONSHIP**
(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against Robert Nichelini, in his individual and official capacities; Kevin Bartlett and Jeremy Huff in their respective individual capacities;
and Joseph Kreins, in his official capacity)
(42 U.S.C. § 1983)

**AS TO PLAINTIFF LOTTON, DEFENDANTS ANSWER AS FOLLOWS:**

45 - 48.   This claim has been dismissed by order of the court dated November 25, 2013; no amended complaint was filed within the time permitted by the court.

**AS TO PLAINTIFF MICHAEL HUEY, DEFENDANTS ANSWER AS FOLLOWS:**

45. Answering the forty-fifth paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to paragraphs 1-44 above with the same force and effect as if they were herein set out in full.

46. Answering the forty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

47. Answering the forty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

48. Answering the forty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR MUNICIPAL LIABILITY - RATIFICATION
(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendant City of Vallejo)
(42 U.S.C. § 1983)

**AS TO PLAINTIFF LOTTON, DEFENDANTS ANSWER AS FOLLOWS:**

49 - 50.   This claim has been dismissed by order of the court dated November 25, 2013; no amended complaint was filed within the time permitted by the court.

**AS TO PLAINTIFF MICHAEL HUEY, DEFENDANTS ANSWER AS FOLLOWS:**

49. Answering the forty-ninth paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to paragraphs 1-48 above with the same force and effect as if they were herein set out in full.

50. Answering the fiftieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

## FIFTH CLAIM FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN
(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendant City of Vallejo)
(42 U.S.C. § 1983)

**AS TO PLAINTIFF LOTTON, DEFENDANTS ANSWER AS FOLLOWS:**

51 - 52.   This claim has been dismissed by order of the court dated November 25, 2013; no amended complaint was filed within the time permitted by the court.

**AS TO PLAINTIFF MICHAEL HUEY, DEFENDANTS ANSWER AS FOLLOWS:**

51. Answering the fifty-first paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to paragraphs 1-50 above with the same force and effect as if they were herein set out in full.

52. Answering the fifty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

/ /

/ /

/ /

/ /

## SIXTH CLAIM FOR BATTERY BY A POLICE OFFICER
(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendants Kevin Bartlett and Jeremy Huff in their respective official capacities, and defendant City of Vallejo)

**AS TO PLAINTIFF LOTTON, DEFENDANTS ANSWER AS FOLLOWS:**

53 - 56.   This claim has been dismissed by order of the court dated November 25, 2013; no amended complaint was filed within the time permitted by the court.

**AS TO PLAINTIFF MICHAEL HUEY, DEFENDANTS ANSWER AS FOLLOWS:**

53. Answering the fifty-third paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to paragraphs 1-52 above with the same force and effect as if they were herein set out in full.

54. Answering the fifty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

55. Answering the fifty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

56. Answering the fifty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM FOR NEGLIGENCE
(by plaintiff Michael Huey and Janeen Lotton as successors-in-interest to decedent J.H. against defendants Kevin Bartlett and Jeremy Huff in their official capacities, and defendant City of Vallejo)

**AS TO PLAINTIFF LOTTON, DEFENDANTS ANSWER AS FOLLOWS:**

57 – 60.   This claim has been dismissed by order of the court dated November 25, 2013; no amended complaint was filed within the time permitted by the court.

**AS TO PLAINTIFF MICHAEL HUEY, DEFENDANTS ANSWER AS FOLLOWS:**

57. Answering the fifty-seventh paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to paragraphs 1-56 above with the same force and effect as if they were herein set out in full.

58. Answering the fifty-eighty paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

Case No. 2:13-CV-00916-JAM-KJN

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED

- 10 -

59. Answering the fifty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

60. Answering the sixtieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

### EIGHTH CLAIM FOR WRONGFUL DEATH
(by Plaintiff Michael Huey and Janeen Lotton against defendants Kevin Bartlett and Jeremy Huff in their respective official capacities, and defendant City of Vallejo)

61. Answering the sixty-first paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-60 above with the same force and effect as if they were herein set out in full.

62. Answering the sixty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

63. Answering the sixty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

64. Answering the sixty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

### DAMAGES

65. Answering the sixty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

### PRAYER

Answering the prayer to the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

1.    As a first affirmative defense, the Defendants allege that the Complaint for Damages fails to state any claim upon which relief can be granted.

2.    As a second affirmative defense, the Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation.

---

Case No. 2:13-CV-00916-JAM-KJN

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED

3.      As a third affirmative defense, the Defendants allege that Decedent was negligent and careless in and about matters and events set forth in the Complaint for Damages.   Decedent's negligence proximately contributed to his alleged injuries and damages.   Any jury verdict in Plaintiffs' favor that may be rendered in this case, therefore, must be reduced by the percentage that decedent's negligence contributed to any of his damages or injuries.

4.      As a fourth affirmative defense, the Defendants allege that at all times herein mentioned, all actions taken by the Defendant police officers were reasonable under the circumstances and taken under a reasonable belief that the actions were not unlawful.   The Defendant police officers are therefore entitled to qualified immunity from liability for matters set forth in the First Amended Complaint for Damages.

5.      As a fifth affirmative defense, the Defendants allege that any harm which came to decedent was a direct and proximate cause of his own actions.

6.      As a sixth affirmative defense, the Defendants allege that any of Plaintiffs' alleged damages or injuries were aggravated by decedent's failure to use reasonable diligence to mitigate them.

7.      As a seventh affirmative defense, the Defendants allege that any of Plaintiffs' damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the Defendants are not responsible. Should Plaintiffs be entitled to recover under the Complaint for Damages, their recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8.      As an eighth affirmative defense, the Defendants allege that its police officers were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

---

**Case No. 2:13-CV-00916-JAM-KJN**

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

9.     As a ninth affirmative defense, the Defendants allege that its officials and employees actions, if any, were privileged as a matter of law.  Consequently, no liability can be cast upon them in their individual capacities to the extent they become parties to this lawsuit.

10.     As a tenth affirmative defense, the Defendants allege that Plaintiffs' state claims are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth herein.

11.     As an eleventh affirmative defense, the Defendants allege that decedent's arrest and/or detention was made with probable cause or reasonable suspicion.

12.     As a twelfth affirmative defense, the Defendants allege that any search or seizure of the decedent or his property, if any, was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against the Defendants.

13.     As a thirteenth affirmative defense, the Defendants allege that Plaintiffs' claims for punitive damages are barred by the provisions of Government Code § 818 and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

14.     As a fourteenth affirmative defense, the Defendants allege that Plaintiffs are not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

15.      As a fifteenth affirmative defense, the Defendants allege that they are immune from the claims contained in Plaintiffs' First Amended Complaint for Damages pursuant to the provisions of California Penal Code §§ 835, 835(a), 836 and 836.5.

16.     As a sixteenth affirmative defense, the Defendants allege that Plaintiffs' claims against the City under 42 U.S.C. § 1983 are contrary to law, in that they are founded upon the doctrine of respondeat superior.  Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a

respondeat superior theory.  (*Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).)

17.    As a seventeenth and separate affirmative defense, Defendants allege that decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

18.    As an eighteenth and separate affirmative defense, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

19.    As a nineteenth and separate affirmative defense, Defendants allege that Plaintiffs lack standing to assert the claims made in the First Amended Complaint for Damages.

## DEMAND FOR JURY

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR JUDGMENT

Wherefore, the Answering Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by this action;

2.    That the Defendants be awarded the costs of defending this lawsuit;

3.    That the Defendants be awarded a judgment against the Plaintiffs; and

4.    For such other and further relief as this Court deems proper.

DATED:  December 18, 2013                    Respectfully submitted,

*/s/ - Kelly J. Trujillo*
KELLY J. TRUJILLO
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI,
JOSEPH KREINS, KEVIN BARTLETT and
JEREMY HUFF

---

Case No. 2:13-CV-00916-JAM-KJN                    DEFENDANTS' ANSWER
                                                  TO FIRST AMENDED
                                                  COMPLAINT; JURY TRIAL
                                                  DEMANDED